UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND KIRKENDALL, II,

    Plaintiff,                                       Hon. Janet T. Neff

v.                                                       Case No. 1:18-CV-480

UNKNOWN CONKLIN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Partial Motion to Dismiss. (ECF No. 39). Plaintiff initiated this action against the Michigan Department of Corrections (MDOC) and twenty-seven (27) individuals alleging numerous state and federal claims. Most of Plaintiff's claims have since been dismissed. (ECF No. 21). At this juncture, several claims remain against Defendants Conklin, Greenfield, Conner, Martens, Walker, and Watkins. Defendants Greenfield, Conner, Martens, Walker, and Watkins now move to dismiss Plaintiff's claims for failure to exhaust administrative remedies. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted**.

Plaintiff alleges that Defendants Greenfield, Conner, Martens, Walker, and Watkins violated his Eighth Amendment rights in numerous ways and unlawfully retaliated against him in violation of his First Amendment rights. Defendants argue that they are entitled to relief on the ground that Plaintiff has failed to properly exhaust his administrative remedies as to such claims.

To obtain summary judgment, Defendants must establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). Generally, the party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). However, because failure to exhaust administrative remedies is an affirmative defense, Defendants face a "substantially higher hurdle," *Jones v. Czop*, 2014 WL 108912 at *2 (W.D. Mich., Jan. 10, 2014), and instead must demonstrate that the evidence is such "that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). However, Defendants are not entitled to relief if "the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id*. With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

Michigan Department of Corrections Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P. If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance. *Id.* The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff. *Id.* at ¶ V. The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. *Id.* at ¶ FF. The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.*

In support of their motion, Defendants Greenfield, Conner, Martens, Walker, and Watkins have submitted evidence that Plaintiff has failed to exhaust any of the claims in his amended complaint against them. (ECF No. 40 at PageID.245-69, 295-305). In his response to the present motion, Plaintiff does not present any evidence, but instead simply relies on the allegations in his

amended complaint.  (ECF No. 23).  While Plaintiff's amended complaint is properly verified, it contains no specific allegations regarding any attempts Plaintiff may have undertaken to properly exhaust his claims against Defendants Greenfield, Conner, Martens, Walker, or Watkins.  Plaintiff's vague allegation that prison employees refuse to investigate grievances and discard grievances is insufficient.  In short, with respect to whether Plaintiff properly exhausted the claims in question, Defendants have demonstrated that there exists no genuine factual dispute and that no reasonable juror could find other than for Defendants.  Accordingly, the undersigned recommends that Plaintiff's claims against Defendants Greenfield, Conner, Martens, Walker, and Watkins be dismissed without prejudice for failure to properly exhaust administrative remedies.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Partial Motion to Dismiss, (ECF No. 39), be **granted** and Plaintiff's claims against Defendants Greenfield, Conner, Martens, Walker, and Watkins be **dismissed without prejudice for failure to exhaust administrative remedies**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: September 9, 2019                   /s/ Ellen S. Carmody
                                           ELLEN S. CARMODY
                                           United States Magistrate Judge